UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUVIQ PLUMAJ,

               Petitioner,               Case Number 11-12031
                                                             Honorable David M. Lawson

v.

RAYMOND BOOKER,

               Respondent.
_____/

**OPINION AND ORDER DENYING MOTION TO AMEND JUDGMENT**

Petitioner Luviq Plumaj alleged in his petition for writ of habeas corpus that his convictions for second-degree murder and manslaughter were unconstitutional because he received ineffective assistance of counsel. The deficient performance consisted of incorrect advice about parole eligibility when Plumaj was contemplating a plea offer from the prosecutor. The Court denied the petition on July 21, 2014, holding that when Plumaj entered his guilty and no contest pleas, there was no clearly established Supreme Court case that recognized that bad advice about the collateral consequences of a conviction — such as parole eligibility — would render a plea involuntary or provide the basis for an ineffective assistance of counsel claim. The Court observed that *Padilla v. Kentucky*, 559 U.S. 356 (2010), changed that viewed, but the Court believed that the petitioner's conviction was final before *Padilla* was decided, and *Padilla* is not retroactive.

On August 11, 2014, the petitioner filed a motion to amend the judgment, pointing out that *Padilla* was decided on March 31, 2010, but the Michigan Supreme Court did not deny leave to appeal in the petitioner's direct appeal until June 23, 2010. *See People v. Plumaj*, 486 Mich. 996, 783 N.W.2d 109 (2010). The petitioner argues that his case does not involve an issue of *Padilla*'s retroactivity. The petitioner is correct that the Court misstated the point. *Padilla* applies to the

petitioner's case. But *Padilla* does not take the petitioner where he needs to go, as it does not constitute clearly established Supreme Court precedent that erroneous advice from counsel about parole eligibility renders a plea involuntary or supports an ineffective assistance of counsel claim. The Court, therefore, will deny the petition.

As the Court observed in the original opinion, in *Hill v. Lockhart*, 474 U.S. 52 (1985), the Court left open whether erroneous advice to a guilty-pleading defendant about parole eligibility amounts to deficient performance under the two-factor test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill*, 474 U.S. at 60. ("We find it unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel, because in the present case we conclude that petitioner's allegations are insufficient to satisfy the *Strickland v. Washington* requirement of 'prejudice.'"). Following *Hill*, "[a]ll 10 federal appellate courts to consider the question decided, in the words of one, that 'counsel's failure to inform a defendant of the collateral consequences of a guilty plea is never' a violation of the Sixth Amendment." *Chaidez v. United States*, --- U.S. ---, 133 S. Ct. 1103, 1109 (2013) (quoting *Santos-Sanchez v. United States*, 548 F.3d 327, 334 (5th Cir. 2008)).

In *Padilla*, the Court decided for the first time that the Sixth Amendment requires a lawyer to provide information about the deportation consequences of a conviction. The Court acknowledged that most courts considered collateral consequences — such as deportation — "outside the scope of representation required by the Sixth Amendment" and therefore "not cognizable as a claim for ineffective assistance of counsel." *Padilla*, 559 U.S. at 365. However, the Court concluded that the Supreme Court has "never applied a distinction between direct and

collateral consequences to define the scope of constitutionally 'reasonable professional assistance required under *Strickland*.'" *Id.* at 365 (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). The Court declined to determine whether that distinction is appropriate in other contexts because deportation is "unique," characterizing deportation as a "particularly severe" penalty and one "intimately related to the criminal process." *Ibid.* For many, deportation is "nearly an automatic result" following a criminal conviction. *Id.* at 366. Consequently, the Court held "that counsel must inform her client whether his plea carries a risk of deportation" to satisfy the Sixth Amendment right to effective assistance of counsel. *Id.* at 374. The Court explained that its "longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country demand no less." *Ibid.* The Court was silent as to other collateral consequences, including erroneous advice about parole eligibility.

That silence presents a problem foe Plumaj. Although *Padilla* "breach[ed] the previously chink-free wall between direct and collateral consequences," *Padilla* "did not eschew the direct-collateral divide across the board." *Chaidez v. United States*, 133 S. Ct. 1103, 1111-12 (2013); *see also Padilla*, 559 U.S. at 365 ("Whether that distinction [between direct and collateral consequences] is appropriate is a question we need not consider in this case because of the unique nature of deportation."). Instead, the Court "relied on the special 'nature of deportation' — the severity of the penalty and the 'automatic' way it follows from conviction — to show that '[t]he collateral versus direct distinction [was] ill-suited' to" the deportation context. *Chaidez*, 133 S. Ct. at 1112. *Padilla* left open whether advice about parole eligibility and other collateral consequences remains "'categorically removed' from the scope of the Sixth Amendment right to counsel because

-3-

it involve[s] only a 'collateral consequence' of a conviction, rather than a component of the criminal sentence[.]" *See id.* at 1108.

Therefore, the Court is constrained to adhere to its previous holding that "[t]here was no clearly established Supreme Court case law [at the time the state courts' reviewed Plumaj's conviction] that mis-advice about parole consequences amounted to deficient performance under *Strickland*." Opinion and Order at 17.

Accordingly, it is **ORDERED** that the motion to amend the judgment [dkt. #11] is **DENIED**.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated: October 10, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 10, 2014.

                                  s/Marilyn Orem
                                  MARILYN OREM